IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM CHARLES MALONE, TDCJ-CID No. 01226994, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 2:20-CV-052-Z |
| 124th DISTRICT COURT OF GREGG COUNTY, TEXAS, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL ACTION AND DENYING INJUNCTIVE RELIEF**

This matter comes before the Court on Plaintiff's Motion for Permanent Injunction, filed March 3, 2020 (ECF Nos. 3–4) and Motion for Prohibitory Injunctive Relief, filed June 29, 2020 (ECF No. 6). Plaintiff also references a "Bill of Attainder" (ECF No. 3) and seeks to permanently enjoin defendant, the 124th District Court of Gregg County, Texas, from bringing future criminal charges against him. (ECF Nos. 3–4, 6). For the following reasons, Plaintiff's Motion for Permanent Injunction and Motion for Prohibitory Injunctive Relief are DENIED and, as injunctive relief is the only relief sought by Plaintiff's action, his case is DISMISSED.

**BACKGROUND**

Plaintiff alleges that on February 27, 2004, the 124th District Court of Gregg County, Texas convicted Plaintiff of a criminal offense under an "unlawful code." ECF 3 at 2. By the case number cited by Plaintiff, he was convicted of two counts of aggravated sexual assault of a child and one count of indecency with a child. *See State of Texas v. Malone*, No. 30309-B. Plaintiff specifically indicates that he is *not* challenging the validity of these convictions, but rather seeks a permanent

injunction from this Court to prevent "this unlawful code [from again being] used against [Plaintiff] in the future." *Id.* at 2. As such, Plaintiff seeks to permanently prevent Gregg County from prosecuting him for crimes arising from sexual assault of a child and/or indecency with a child. *Id.* Plaintiff does not list specific instances where he may be charged or indicate he is currently under Indictment for additional charges under these statutes.

### LEGAL STANDARDS

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights. *See Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). Section 1983 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243. These principles form the basis of the *Younger* abstention doctrine. Under *Younger*, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Younger v. Harris*, 401 U.S. 37, 43–47 (1971).

But in a limited number of circumstances, a federal court may enjoin a pending state-court criminal proceeding when: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and

patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate." *Younger*, 401 U.S. at 45, 53–54.

### ANALYSIS

Here, Plaintiff fails to indicate that the district court in question has initiated a state-court criminal proceeding. However, in the event it has, the federal proceeding would clearly interfere with an ongoing state judicial proceeding. Any underlying state proceeding affects the enforcement of state criminal laws, something in which the state has a strong interest. Plaintiff has the opportunity, if charges are pending, to raise his challenges to the state criminal statute in state court. Plaintiff does not contend that he cannot raise his constitutional claims in the state court. Accordingly, the *Younger* doctrine precludes an injunction here unless one of the three narrow exceptions apply, and Plaintiff fails to plead any exception. Plaintiff does not contend that the state prosecution, if it exists, is taken in bad faith or that other extraordinary circumstances warrant enjoining the state criminal proceedings.

A prosecution is taken in bad faith if state officials proceed "without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988). "[T]he 'bad faith' exception is narrow and should be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). It is Plaintiff's burden to establish actual proof of bad faith. *Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.*, 790 F.2d 390, 391 (5th Cir. 1986). Plaintiff has not argued, let alone shown, that the state's possible prosecution for these crimes would be initiated without hope of obtaining a valid conviction. Plaintiff has made the conclusory statement that the Texas criminal statutes are "unlawful," but he

does not challenge his actual conviction as unlawful, contradicting any possibility of arguing that the statute is patently unconstitutional. Finally, Plaintiff has failed to articulate any "extraordinary circumstances" that are great and *immediate*, because he has not indicated he is under threat of prosecution at this time.

Plaintiff's Motion for Permanent Injunction and Motion for Prohibitory Injunctive relief are both baseless and are DENIED. Further, as injunctive relief is the only relief sought by this action, Plaintiff's case is DISMISSED with prejudice as frivolous.

**SO ORDERED.**

February 10, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE